## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | MDL NO. 2249 |
| | |
| PJC LOGISTICS, LLC, | |
| Plaintiff, | |
| vs. | |
| ABF FREIGHT SYSTEMS, INC.; ALAN RITCHEY, INC.; BALDWIN DISTRIBUTION SERVICES, LTD. ; DEDICATED LOGISTICS, LLC; FFE TRANSPORTATION SERVICES, INC.; GREAT WIDE DISTRIBUTION LOGISTICS, LLC; H.E.B., INC.; JAMES HELWIG & SON, L.P.; J.S. HELWIG & SON, LLC.; LONE STAR TRANSPORTATION, LLC; MELTON TRUCK LINES, INC.; PAN AMERICAN EXPRESS, INC; PARKWAY TRANSPORT, INC.; ROYAL FREIGHT, LP; SKINNER TRANSPORTATION, INC.; STAN KOCH & SONS TRUCKING INC.; STEVENS TRANSPORT, INC.; TEXAS STAR EXPRESS CORP.; TRUCKS FOR YOU, INC.; and WESTERN FLYER EXPRESS, INC., | Case No.:  0:11-cv-02555-DWF-SER<br><br>Transferred from the United States District Court for the Northern District of Texas, Dallas Division<br>Case No. 1:11-cv-00231-LDD |
| Defendants. | |

## ANSWER AND DEFENSES
## OF DEFENDANT LONE STAR TRANSPORTATION, LLC

Defendant Lone Star Transportation, LLC ("Lone Star") hereby answers the Complaint filed by Plaintiff PJC Logistics, LLC ("PJC").  Lone Star hereby responds to the numbered paragraphs of the Complaint, and in doing so denies the allegations of the Complaint except as specifically stated:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 101, *et seq.*

**ANSWER:**  Admitted.

## THE PARTIES

2.      Plaintiff PJC Logistics is a limited liability corporation organized under the laws

of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:**  Lone Star admits that PJC is organized under the laws of Texas with its

principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.  Lone Star denies the

remaining allegations of paragraph 2.

3.      Defendant ABF Freight Systems, Inc., Inc. [sic] is a corporation organized under

the laws of Delaware with its principal place of business at 3801 Old Greenwood Road, Fort

Smith, Arkansas 72903, and a registered agent for service of process at CT Corporation System,

350 N. St Paul St., Ste. 2900, Dallas, Texas 75201-4234.

**ANSWER:**  Paragraph 3 of the Complaint contains no allegations as to Lone Star and

therefore does not require a response by Lone Star.  To the extent a response is required, Lone

Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations

set forth in paragraph 3.

4.      Defendant Alan Ritchey, Inc., is a corporation organized under the laws of Texas

with its principal place of business at 740 South 1-35, Valley View, Texas 76272, and can be

served with process at the same address.

**ANSWER:**  Paragraph 4 of the Complaint contains no allegations as to Lone Star and

therefore does not require a response by Lone Star.  To the extent a response is required, Lone

Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5.      Defendant Baldwin Distribution Services, Ltd. is a corporation organized under the laws of Texas with its principal place of business at 8351 E Amarillo Blvd., Amarillo, Texas 79107, and it may be served with process at the same address.

**ANSWER:**  Paragraph 5 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6.      Defendant FFE Transportation Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1145 Empire Central Place, Dallas, Texas 75247, and it may be served with process at the same address.

**ANSWER:**  Paragraph 6 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7.      Defendant Greatwide Distribution Logistics, LLC is a corporation organized under the laws of Delaware with its principal place of business at 12404 Park Central Dr., Ste. 300S, Dallas, Texas 75251, and it may be served with process at the same address.

**ANSWER:**  Paragraph 7 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8.      Defendant H.E.B., Inc. is a corporation organized under the laws of Texas with its principal place of business at P.O. Box 839999, San Antonio, Texas 78283-3999, and a registered agent for service of process at Abel Martinez, 646 South Main Avenue, San Antonio, Texas 78204.

**ANSWER:**  Paragraph 8 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.      Defendant James Helwig & Son, L.P. is a corporation organized under the laws of Texas with its principal place of business at 2670 South Goliad, Rockwall, Texas 75087, and it may be served with process at the same address.

**ANSWER:**  Paragraph 9 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.     Defendant J. S. Helwig & Son, LLC is a corporation organized under the laws of Texas with its principal place of business at 222 Metro Drive, Terrell, Texas 75160, and it may be served with process at the same address.

**ANSWER:**  Paragraph 10 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11.     Defendant Lone Star Transportation, LLC is a corporation organized under the laws of Texas with its principal place of business at 1100 Northway Drive, Fort Worth, Texas 76131, and it may be served with process at the same address.

**ANSWER:** Admitted.

12.     Defendant Melton Truck Lines, Inc. is a corporation organized under the laws of Oklahoma with its principal place of business at 808 North 161 East Avenue, Tulsa, Oklahoma 74116, and a registered agent for service of process at Patricia Gonzalez, 8618 Las Cruces, Laredo, Texas 78045.

**ANSWER:** Paragraph 12 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13.     Defendant Pan American Express, Inc. is a corporation organized under the laws of Texas with its principal place of business at 4848 Riverside Dr., Laredo, Texas 78041, and it may be served with process at the same address.

**ANSWER:** Paragraph 13 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.     Defendant Parkway Transport, Inc. is a corporation organized under the laws of Texas with its principal place of business at 5103 Rittiman Road, Building 4, San Antonio, Texas 78218, and it may be served with process at the same address.

**ANSWER:**  Paragraph 14 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.      Defendant Royal Freight LP is a corporation organized under the laws of Texas with its principal place of business at P.O. Box 4630, McAllen, Texas 78502, and a registered agent for service of process at Bill Head, 407 West Sioux Rd., Pharr, TX 78577.

**ANSWER:**  Paragraph 15 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16.      Defendant Skinner Transportation, Inc. is a corporation organized under the laws of Texas with its principal place of business at 850 Ed Bluestein Blvd, Austin, Texas 78721, and it may be served with process at the same address.

**ANSWER:**  Paragraph 16 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17.      Defendant Stan Koch & Sons Trucking Inc. is a corporation organized under the laws of Minesota [sic] with its principal place of business at 3211 Prairie Valley Road, Ardmore, Oklahoma 73401, and a registered agent for service of process at National Corporate Research, Ltd., 800 Brazos, Suite 400, Austin, Texas 78701.

**ANSWER:** Paragraph 17 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.     Defendant Stevens Transport, Inc. is a corporation organized under the laws of Texas with its principal place of business at 9757 Military Parkway, Dallas, Texas 75227, and it may be served with process at the same address.

**ANSWER:** Paragraph 18 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19.     Defendant Texas Star Express Corp. is a corporation organized under the laws of Texas with its principal place of business at 2890 S Goliad St., Rockwall, Texas 75032, and a registered agent for service of process at Edward M. Meyerson, 8 Prestige Circle, Allen Business Center, Allen, TX 75002.

**ANSWER:** Paragraph 19 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.     Defendant Trucks For You, Inc. is a corporation organized under the laws of Oklahoma with its principal place of business at 3250 N. 32nd St., Muskogee, Oklahoma 74401, and a registered agent for service of process at Kenneth Sutton, 9041 Old Nacogdoches Trail, Forney, Texas 75126.

**ANSWER:**  Paragraph 20 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.     Defendant Western Flyer Express, Inc. is a corporation organized under the laws of Oklahoma with its principal place of business at 5220 S.W. 11th, Oklahoma City, Oklahoma 73128, and a registered agent for service of process at Lisa K. Hooper, 300 N. Marienfield, Ste. 700, Midland, Texas 79701.

**ANSWER:**  Paragraph 21 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

## JURISDICTION AND VENUE

22.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER:**  Lone Star admits that PJC, in its Complaint, alleges patent infringement claims under Title 35 of the United States Code.  Lone Star further admits that this Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331 and 1338(a).  Lone Star admits that venue is proper in this District for purposes of this action only.

23.     Defendant ABF Freight Systems, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the

8

patent in suit, as is alleged below. Trucks, vans or other vehicles in ABF Freight Systems, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 23 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24.    Defendant Alan Ritchey, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Alan Ritchey, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 24 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25.    Defendant Baldwin Distribution Services, Ltd. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Baldwin Distribution Services, Ltd.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 25 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone

Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.     Defendant FFE Transporation Services, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in FFE Transporation Services, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 26 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.     Defendant Greatwide Distribution Logistics, LLC uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Greatwide Distribution Logistics, LLC's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 27 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.     Defendant H.E.B., Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in H.E.B., Inc.'s fleet of trucks, vans or other

vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 28 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.    Defendant James Helwig & Son, L.P., uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in James Helwig & Son, L.P.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 29 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.    Defendant J.S. Helwig & Son, LLC uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in J.S. Helwig & Son, LLC's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 30 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone

Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31.     Defendant Lone Star Transportation, LLC uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Lone Star Transportation, LLC's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Denied.

32.     Defendant Melton Truck Lines, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Melton Truck Lines, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 32 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.     Defendant Pan American Express, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Pan American Express, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 33 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

34.    Defendant Parkway Transport, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Parkway Transport, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 34 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

35.    Defendant Royal Freight LP uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Royal Freight LP's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 35 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35.

36.     Defendant Skinner Transportation, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Skinner Transportation, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 36 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37.     Defendant Stan Koch & Sons Trucking, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Stan Koch & Sons Trucking, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 37 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38.     Defendant Stevens Transport, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Steven Transport, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 38 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.     Defendant Texas Star Express Corp. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Texas Star Express Corp.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 39 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.     Defendant Trucks For You, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Trucks For You, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 40 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41.     Defendant Western Flyer Express, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below.  Trucks, vans or other vehicles in Western Flyer Express, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 41 of the Complaint contains no allegations as to Lone Star and therefore does not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844

42.     PJC Logistics repeats and realleges the allegations of paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:**  Lone Star incorporates by reference its responses to paragraphs 1 through 41.

43.     On June 29, 1993, United States Patent No. 5,223,844 (hereinafter referred to as the "844 Patent"), entitled VEHICLE TRACKING AND SECURITY SYSTEM, was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '844 Patent is attached as Exhibit A to this Complaint.

**ANSWER:**  Lone Star admits that the public record reflects that U.S. Patent No. 5,223,844 (the "'844 Patent") is entitled "Vehicle Tracking and Security System" and has an issue date of June 29, 1993.  Lone Star admits that a document purported to be a true and correct copy of the '844 Patent was attached to the Complaint as Exhibit A.  Lone Star denies the remaining allegations in paragraph 43.

44.     PJC Logistics is the assignee and owner of the right, title, and interest in and to the '844 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**ANSWER:**  Lone Star admits that the public record reflects that the '844 Patent is assigned to PJC.  Lone Star denies the remaining allegations in paragraph 44.

45.     Without license or authorization, each of the Defendants have been infringing the '844 Patent, by using in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent.  Such acts constitute infringement under at least 35 U.S.C. §§ 271(a).

**ANSWER:**  The allegations as to Lone Star are denied.  The allegations as to other defendants do not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to defendants other than Lone Star set forth in paragraph 45.

46.     PJC Logistics has been damaged by Defendants' infringing activities.

**ANSWER:**  The allegations as to Lone Star are denied.  The allegations as to other defendants do not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to defendants other than Lone Star set forth in paragraph 46.

## **JURY DEMAND**

47.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PJC Logistics demands a trial by jury on all issues triable as such.

**ANSWER:**  Lone Star admits that PJC, in its Complaint, demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, PJC Logistics respectfully demands judgment for itself and against Defendants as follows:

a.        That this Court adjudge that Defendants have infringed each of the '844 Patent;

b.        That this Court ascertain and award PJC Logistics damages sufficient to compensate it for the above infringement and that the damages so ascertained be awarded to PJC Logistics with interest;

c.        That this Court find this case to be exceptional and award PJC Logistics its attorneys fees, costs and expenses in this action; and

d.        That this Court award PJC Logistics such other relief as the Court may deem just and proper.

**ANSWER:**  Lone Star denies that PJC is entitled to the requested relief or any relief from Lone Star.  The demands as to other defendants do not require a response by Lone Star.  To the extent a response is required, Lone Star lacks knowledge or information sufficient to form a belief as to the truth of the demands as to defendants other than Lone Star set forth in PJC's Prayer for Relief.

## DEFENSES

Lone Star hereby asserts the following defenses with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof.  Lone Star reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

## FIRST DEFENSE - NON-INFRINGEMENT

1.      Lone Star does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

## SECOND DEFENSE - INVALIDITY

2.      Each claim of the '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

## THIRD DEFENSE - PROSECUTION HISTORY ESTOPPEL

3.      By reason of the proceedings in the United States Patent and Trademark Office during both the prosecution of the application that resulted in issuance of the '844 Patent and the reexamination of the '844 Patent, as shown by the prosecution histories thereof, PJC is estopped, in whole or in part, from maintaining that Lone Star infringes or has infringed the '844 Patent.

## FOURTH DEFENSE - INTERVENING RIGHTS

4.      PJC's claims for relief concerning any claim added to the '844 Patent during reexamination or any claim substantively amended during reexamination are barred, in whole or in part, by the doctrine of intervening rights and/or 35 U.S.C. §§ 252, 307.

## FIFTH DEFENSE - LIMITATION ON DAMAGES

5.      The relief sought by PJC is barred in whole or in part by 35 U.S.C. §§ 286 and/or 287.

## SIXTH DEFENSE - ADEQUATE REMEDY AT LAW

6.      PJC is not entitled to injunctive relief because any alleged injury to PJC is not immediate or irreparable and PJC has an adequate remedy at law.

## SEVENTH DEFENSE - LACHES

7.      The United States Patent and Trademark Office issued the '844 Patent on June 29, 1993.

8.      PJC did not bring suit against Lone Star until March 2011.

9.      On information and belief, PJC did not bring suit against XATA Corporation, which has supplied fleet management technology to Lone Star, until April 2011.

10.     PJC's claim for relief for infringement of the '844 Patent is barred in whole or in part under the doctrine of laches by virtue of the inexcusable delay in bringing suit against Lone Star and/or its suppliers.

## LONE STAR TRANSPORTATION LLC'S PRAYER FOR RELIEF

WHEREFORE, Lone Star prays for the following relief:

1.      That any and all relief requested by PJC, as set forth in the Complaint, be denied and that the Complaint be dismissed with prejudice;

2.      That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that the cost of this action and attorneys' fees be awarded to Lone Star;

3.      That this Court grant such other and further relief to Lone Star as this Court may deem just and equitable.

## JURY DEMAND

Lone Star demands a trial by jury on all issues triable of right by a jury.


Dated:  October 24, 2011   /s/ Michael E. Florey
           Michael E. Florey (#214322)
           FISH & RICHARDSON P.C.
           3200 RBC Plaza
           60 South 6th Street
           Minneapolis, MN 55402
           Ph:  612-335-5070
           Fax:  612-288-9696
           florey@fr.com

           **Attorneys for Defendant**
           **Lone Star Transportation, LLC**

60731784.doc