# UNITED STATES DISTRICT COURT
## FOR THE
### DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | ) ) ) ) MDL Docket 0:11-md-02249 |
| | ) |
| PJC LOGISTICS, LLC, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No.: 11-cv-2555 ) ) |
| ABF FREIGHT SYSTEMS, INC., et al. | ) Judge Donovan W. Frank ) |
| Defendants. | ) |

## ANSWER AND COUNTERCLAIMS
## OF DEFENDANT ROYAL FREIGHT, L.P.

Defendant Royal Freight, L.P. ("Royal") hereby answers the Complaint filed by Plaintiff PJC Logistics, LLC ("PJC").  Royal hereby responds to the numbered paragraphs of the Complaint, and in doing so denies the allegations of the Complaint except as specifically stated:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*

**ANSWER:**  Admitted.

### THE PARTIES

2.      Plaintiff PJC Logistics is a limited liability corporation organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:**  Royal admits that PJC is organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.  Royal denies the remaining allegations of paragraph 2.

3.      Defendant ABF Freight Systems, Inc., Inc. is a corporation organized under the laws of Delaware with its principal place of business at 3801 Old Greenwood Road, Fort Smith, Arkansas 72903, and a registered agent for service of process at CT Corporation System, 350 N. St Paul St., Ste. 2900, Dallas, Texas 75201-4234.

**ANSWER:**  Paragraph 3 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.      Defendant Alan Ritchey, Inc., is a corporation organized under the laws of Texas with its principal place of business at 740 South I-35, Valley View, Texas 76272, and can be served with process at the same address.

**ANSWER:**  Paragraph 4 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5.      Defendant Baldwin Distribution Services, Ltd. is a corporation organized under the laws of Texas with its principal place of business at 8351 E Amarillo Blvd , Amarillo, Texas 79107, and it may be served with process at the same address.

**ANSWER:**  Paragraph 5 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required,

2

Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5.

6.      Defendant FFE Transportation Services, Inc. is a corporation organized under the laws of Delaware with its principal place of business at 1145 Empire Central Place, Dallas, Texas 75247, and it may be served with process at the same address.

**ANSWER:** Paragraph 6 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal. To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6.

7.      Defendant Greatwide Distribution Logistics, LLC is a corporation organized under the laws of Delaware with its principal place of business at 12404 Park Central Dr, Ste 300S, Dallas, Texas 75251, and it may be served with process at the same address.

**ANSWER:** Paragraph 7 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal. To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7.

8.      Defendant H.E.B., Inc. is a corporation organized under the laws of Texas with its principal place of business at P.O. Box 839999, San Antonio, Texas 78283-3999, and a registered agent for service of process at Abel Martinez, 646 South Main Avenue, San Antonio, Texas 78204.

**ANSWER:** Paragraph 8 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal. To the extent a response is required,

Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

9.     Defendant James Helwig & Son, L.P. is a corporation organized under the laws of Texas with its principal place of business at 2670 South Goliad, Rockwall, Texas 75087, and it may be served with process at the same address.

**ANSWER:** Paragraph 9 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9.

10.     Defendant J.S. Helwig & Son, LLC is a corporation organized under the laws of Texas with its principal place of business at 222 Metro Drive, Terrell, Texas 75160, and it may be served with process at the same address.

**ANSWER:** Paragraph 10 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

11.     Defendant Lone Star Transportation, LLC is a corporation organized under the laws of Texas with its principal place of business at 1100 Northway Drive, Fort Worth, Texas 76131, and it may be served with process at the same address.

**ANSWER:** Paragraph 11 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11.

12.     Defendant Melton Truck Lines, Inc. is a corporation organized under the laws of Oklahoma with its principal place of business at 808 North 161 East Avenue, Tulsa, Oklahoma 74116, and a registered agent for service of process at Patricia Gonzalez, 8618 Las Cruses, Laredo, Texas 78045.

**ANSWER:**  Paragraph 12 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12.

13.     Defendant Pan American Express, Inc. is a corporation organized under the laws of Texas with its principal place of business at 4848 Riverside Dr. Laredo, Texas 78041, and it may be served with process at the same address.

**ANSWER:**  Paragraph 13 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13.

14.     Defendant Parkway Transport, Inc. is a corporation organized under the laws of Texas with its principal place of business at 5103 Rittiman Road, Building 4, San Antonio, Texas 78218, and it may be served with process at the same address.

**ANSWER:**  Paragraph 14 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14.

15.     Defendant Royal Freight LP is a corporation organized under the laws of Texas with its principal place of business at P.O. Box 4630, McAllen, Texas 78502, and a registered agent for service of process at Bill Head, 407 West Sioux Rd. Pharr, TX 78577.

**ANSWER:**  Royal admits it is organized under the laws of Texas and has a registered agent for service of process at Bill Head, 407 West Sioux Rd. Pharr, TX 78577. Royal denies the remaining allegations of paragraph 15.

16.     Defendant Skinner Transportation, Inc. is a corporation organized under the laws of Texas with its principal place of business at 850 Ed Bluestein Blvd. Austin, Texas 78721, and it may be served with process at the same address.

**ANSWER:**  Paragraph 16 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17.     Defendant Stan Koch & Sons Trucking Inc. is a corporation organized under the laws of Minnesota with its principal place of business at 3211 Prairie Valley Road, Ardmore, Oklahoma 73401, and a registered agent for service of process at National Corporate Research, Ltd. 800 Brazos, Suite 400, Austin, Texas 78701.

**ANSWER:**  Paragraph 17 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.     Defendant Stevens Transport, Inc. is a corporation organized under the laws of Texas with its principal place of business at 9757 Military Parkway, Dallas, Texas 75227, and it may be served with process at the same address.

**ANSWER:** Paragraph 18 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal. To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18.

19.     Defendant Texas Star Express Corp. is a corporation organized under the laws of Texas with its principal place of business at 2890 S. Goliad St. Rockwall, Texas 75032, and a registered agent for service of process at Edward M. Meyerson, 8 Prestige Circle, Allen Business Center, Allen, TX 75002.

**ANSWER:** Paragraph 19 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal. To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.     Defendant Trucks For You, Inc. is a corporation organized under the laws of Oklahoma with its principal place of business at 3250 N. 32nd St, Muskogee, Oklahoma 74401, and a registered agent for service of process at Kenneth Sutton, 9041 Old Nacogdoches Trail, Forney, Texas 75126.

**ANSWER:** Paragraph 20 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal. To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.     Defendant Western Flyer Express, Inc. is a corporation organized under the laws of Oklahoma with its principal place of business at 5220 S.W. 11th, Oklahoma City, Oklahoma 73128, and a registered agent for service of process at Lisa K. Hooper, 300 N. Marienfield, Ste. 700, Midland, Texas 79701.

**ANSWER:**  Paragraph 21 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

### JURISDICTION AND VENUE

22.     This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

**ANSWER:**  Royal admits that PJC, in its Complaint, alleges patent infringement claims under Title 35 of the United States Code.  Royal further admits that this Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§ 1331 and 1338(a).  Royal admits that venue is proper in this District for purposes of this action only.

23.     Defendant ABF Freight Systems, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in ABF Freight Systems, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 23 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24.     Defendant Alan Ritchey, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Alan Ritchey, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 24 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25.     Defendant Baldwin Distribution Services, Ltd. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Baldwin Distribution Services, Ltd's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 25 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.     Defendant FFE Transportation Services, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in FFE Transportation Services, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 26 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.     Defendant Greatwide Distribution Logistics, LLC uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Greatwide Distribution Logistics, LLC's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 27 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.     Defendant H.E.B., Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in H.E.B., Inc.'s fleet of

trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

      **ANSWER:** Paragraph 28 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

      29.     Defendant James Helwig & Son, L.P. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in James Helwig & Son, L.P.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

      **ANSWER:** Paragraph 29 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

      30.     Defendant J.S. Helwig & Son, LLC. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in J.S. Helwig & Son, LLC's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

      **ANSWER:** Paragraph 30 of the Complaint contains no allegations as to Royal and therefore does not require a response is

required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31.     Defendant Lone Star Transportation, LLC uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Lone Star Transportation, LLC's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 31 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31.

32.     Defendant Melton Truck Lines, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below Trucks, vans or other vehicles in Melton Truck Lines, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 32 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.     Defendant Pan American Express, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that

infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Pan American Express, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

   **ANSWER:**  Paragraph 33 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33.

   34. Defendant Parkway Transport, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Parkway Transport, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

   **ANSWER:**  Paragraph 34 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34.

   35. Defendant Royal Freight LP uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Royal Freight LP's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

   **ANSWER:**  Royal denies the allegations of paragraph 35.

36.     Defendant Skinner Transportation, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Skinner Transportation, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 36 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36.

37.     Defendant Stan Koch & Sons Trucking, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Stan Koch & Sons Trucking, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 37 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37.

38.     Defendant Stevens Transport, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Stevens Transport,

Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 38 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38.

39.     Defendant Texas Star Express Corp. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Texas Star Express Corp's fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 39 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39.

40.     Defendant Trucks For You, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Trucks For You, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:** Paragraph 40 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is

required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40.

41.     Defendant Western Flyer Express, Inc. uses electronic position-based fleet management and tracking systems in its fleet of trucks, vans or other vehicles that infringe the patent in suit, as is alleged below. Trucks, vans or other vehicles in Western Flyer Express, Inc.'s fleet of trucks, vans or other vehicles operate in the State of Texas, including in this judicial district, while using the infringing electronic fleet management systems.

**ANSWER:**  Paragraph 41 of the Complaint contains no allegations as to Royal and therefore does not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,223,844

42.     PJC Logistics repeats and realleges the allegations of paragraphs 1 through 41 as if fully set forth herein.

**ANSWER:**  Royal incorporates by reference its responses to paragraphs 1 through 41.

43.     On June 29, 1993, United States Patent No. 5,223,844 (hereinafter referred to as the "844 Patent"), entitled VEHICLE TRACKING AND SECURITY SYSTEM, was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '844 Patent is attached as Exhibit A to this Complaint.

**ANSWER:**  Royal admits that the public record reflects that U.S. Patent No. 5,223,844 (the "'844 Patent") is entitled "Vehicle Tracking and Security System" and has an

issue date of June 29, 1993.  Royal admits that a document purported to be a true and correct copy of the '844 Patent was attached to the Complaint as Exhibit A.  Royal denies the remaining allegations in paragraph 43.

44.     PJC Logistics is the assignee and owner of the right, title, and interest in and to the '844 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**ANSWER:**  Royal admits that the public record reflects that  the '844 Patent is assigned to PJC.  Royal denies the remaining allegations in paragraph 44.

45.     Without license or authorization, each of the Defendants have been infringing the '844 Patent, by using in the United States, including within this judicial district, certain electronic fleet management systems that embody the inventions claimed in the '844 Patent. Such acts constitute infringement under at least 35 U S C §§ 271(a).

**ANSWER:**  The allegations as to Royal are denied.  The allegations as to other defendants do not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to defendants other than Royal set forth in paragraph 45.

46.     PJC Logistics has been damaged by Defendants' infringing activities.

**ANSWER:**  The allegations as to Royal are denied.  The allegations as to other defendants do not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to defendants other than Royal set forth in paragraph 46.

## JURY DEMAND

47.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PJC Logistics demands a trial by jury on all issues triable as such.

**ANSWER:** Royal admits that PJC, in its Complaint, demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, PJC Logistics respectfully demands judgment for itself and against each Defendant as follows:

a. That this Court adjudge that Defendants have infringed each of the '844 Patent;

b. That this Court ascertain and award PJC Logistics damages sufficient to compensate it for the above infringement and that the damages so ascertained be awarded to PJC Logistics with interest;

c. That this Court find this case to be exceptional and award PJC Logistics its attorneys fees, costs and expenses in this action;

d. That this Court award PJC Logistics such other relief as the Court may deem just and proper.

**ANSWER:** Royal denies that PJC is entitled to the requested relief or any relief from Royal.  The demands as to other defendants do not require a response by Royal.  To the extent a response is required, Royal lacks knowledge or information sufficient to form a belief as to the truth of the demands as to defendants other than Royal set forth in PJC's Prayer for Relief.

## DEFENSES

Royal hereby asserts the following defenses with knowledge as to its own actions and on information and belief with respect to the actions of others, and without undertaking or otherwise shifting any applicable burdens of proof.  Royal reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

## FIRST DEFENSE - NON-INFRINGEMENT

1.      Royal does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

## SECOND DEFENSE - INVALIDITY

2.      Each claim of the '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

## THIRD DEFENSE - PROSECUTION HISTORY ESTOPPEL

3.      By reason of the proceedings in the United States Patent and Trademark Office during both the prosecution of the application that resulted in issuance of the '844 Patent and the reexamination of the '844 Patent, as shown by the prosecution histories thereof, PJC is estopped, in whole or in part, from maintaining that Royal infringes or has infringed the '844 Patent.

## FOURTH DEFENSE - INTERVENING RIGHTS

4.      PJC's claims for relief concerning any claim added to the '844 Patent during reexamination or any claim substantively amended during reexamination are barred, in whole or in part, by the doctrine of intervening rights and/or 35 U.S.C. §§ 252, 307.

## FIFTH DEFENSE - LIMITATION ON DAMAGES

5.      The relief sought by PJC is barred in whole or in part by 35 U.S.C. §§ 286 and/or 287.

## SIXTH DEFENSE - ADEQUATE REMEDY AT LAW

6.      PJC is not entitled to injunctive relief because any alleged injury to PJC is not immediate or irreparable and PJC has an adequate remedy at law.

## SEVENTH DEFENSE - LACHES

7.      The United States Patent and Trademark Office issued the '844 Patent on June 29, 1993.

8.      PJC did not bring suit against Royal until March 2011.

9.      PJC's claim for relief for infringement of the '844 Patent is barred in whole or in part under the doctrine of laches by virtue of the inexcusable delay in bringing suit against Royal and/or its suppliers.

## COUNTERCLAIMS

Counterclaim-Plaintiff Royal hereby alleges with knowledge as to its own actions and on information and belief with respect to the actions of others the following counterclaims against Counterclaim-Defendant PJC.  Royal reserves the right to assert additional counterclaims, as warranted by facts learned through investigation and discovery.

1.      Royal is a limited partnership organized under the laws of Texas with its principal place of business at 407 W. Sioux Rd., Pharr, Texas 78577.

2.      PJC is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

3.      This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. §§ 1, *et seq.*

4.      PJC has submitted to the personal jurisdiction of this Court.

5.      Venue is proper because PJC brought this action and consented to venue.

## COUNTERCLAIM ONE

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6.      Royal repeats and realleges paragraphs 1–5 above as if fully set forth herein.

7.      PJC purports to be the assignee and lawful owner of all right, title and interest in and to the '844 Patent, entitled "Vehicle Tracking and Security System", which issued on June 29, 1993.

8.      PJC has sued Royal in the present action, alleging infringement of the '844 Patent.  Thus, an immediate, real and justiciable controversy exists between Royal and PJC with respect to the alleged infringement of the '844 Patent.

9.      Royal does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

10.     No claim of the '844 Patent can validly be construed to cover any product made, used, sold, offered for sale, or imported by Royal.

11.     Royal requests declaratory judgment that Royal does not infringe, directly or indirectly, any claim of the '844 Patent.

## **COUNTERCLAIM TWO**

## **DECLARATORY JUDGMENT OF INVALIDITY**

12.     Royal repeats and realleges paragraphs 1–5 above as if fully set forth herein.

13.     An immediate, real and justiciable controversy exists between Royal and PJC with respect to the invalidity of the '844 Patent.

14.     The '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

15.     Royal requests declaratory judgment that the '844 Patent is invalid.

## **ROYAL'S PRAYER FOR RELIEF**

WHEREFORE, Royal prays for the following relief:

1.     that any and all relief requested by PJC, as set forth in the Complaint, be denied and that the Complaint be dismissed with prejudice;

2.     that Royal have judgment on its Counterclaims, including that this Court declare the '844 Patent invalid; that this Court declare that Royal  has not infringed, directly or indirectly, the '844 Patent;

3.     that this case be declared exceptional pursuant to 35 U.S.C. § 285 and that cost of this action and their attorneys' fees be awarded to Royal;

4.     that this Court grant such other and further relief to Royal as this Court may deem just and equitable.

## JURY DEMAND

Royal demands a trial by jury on all issues triable of right by a jury.


Dated:  November 4, 2011                          s/ Douglas J. Williams
                                                  Douglas J. Williams
                                                  BARNES & THORNBURG LLP
                                                  225 South Sixth Street, Suite 2800
                                                  Minneapolis, MN 55402
                                                  (612) 367-8787
                                                  doug.williams@btlaw.com



                                                  OF COUNSEL:

                                                  Stephen R. Buckingham
                                                  LOWENSTEIN SANDLER, PC
                                                  65 Livingston Avenue
                                                  Roseland, New Jersey 07068
                                                  973-597-2500



                                                  **Attorneys for Defendant**
                                                  **Royal Freight, L.P.**