IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE:  VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | MDL NO. 11-2249 |

| | | |
|---|---|---|
| PJC LOGISTICS, LLC, | : : | Case No. 0:11-cv-02555-DWF-SER |
| Plaintiff, | : : | |
| vs. | : : | (Transferred from Northern District of Texas, Civil Action No. 3:11-cv-00548-F) |
| ABF FREIGHT SYSTEMS, INC., et al, | : : : | |
| Defendants. | : : : : | **PLAINTIFF PJC LOGISTICS, LLC'S REPLY TO COUNTERCLAIMS OF DEFENDANT ALAN RITCHEY, INC.** |

Plaintiff PJC Logistics, LLC ("PJC"), by and through its counsel, hereby submits this Reply in response to the Defendant Alan Ritchey Inc.'s ("Alan Ritchey") Answer and Counterclaims to PJC Logistics, LLC's Complaint.

### NATURE OF THE CLAIMS

1.     Alan Ritchey's counterclaim seeks relief under the Declaratory Judgment Act that PJC Logistics' U.S. Patent No. 5,223,844 ("the '844 Patent") is not infringed and is invalid.

**ANSWER:**   PJC denies that Alan Ritchey is entitled to any such relief.  Denied as to merits of counterclaims.

### THE PARTIES

2.     Alan Ritchey is a Texas corporation, having its principal place of business at 740 South I-35, Valley View, Texas 76272.

**ANSWER:** Admitted.

3.      On information and belief, PJC Logistics is a Texas limited liability company, with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

4.      These claims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  Alan Ritchey seeks declaratory relief, i.e., a declaration that: (a) the '844 Patent is not infringed; and (b) the '844 Patent is invalid.

**ANSWER:**  PJC admits that these claims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  PJC denies that Alan Ritchey is entitled to any such relief.  PJC otherwise denies the allegations contained in paragraph 4.  Denied as to the merits of these counterclaims.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, 2202.

**ANSWER:** PJC admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201 *et seq.,* under 28 U.S.C. §§ 1331 and 1338(a), and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.* for this action only.

6.      This Court has personal jurisdiction over PJC Logistics because, among other things, PJC Logistics has asserted the '844 Patent against Alan Ritchey in its Complaint.

**ANSWER:**  PJC admits that this Court has personal jurisdiction over PJC for this action only.  PJC admits that it initially brought this action in the Northern District of Texas and that the United States Judicial Panel on Multidistrict Litigation transferred this action to this District.

7. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** PJC admits that it initially brought this action in the Northern District of Texas. PJC admits that the United States Judicial Panel on Multidistrict Litigation transferred this action to this District and that venue is proper in this District for this action only.

## FACTUAL BACKGROUND

8. On June 29, 1993, the United States Patent and Trademark Office issued the '844 patent, entitled "Vehicle Tracking and Security System." On January 25, 2000, the United States Patent and Trademark Office issued a reexamination certificate or the '844 patent. A copy of the '844 Patent along with the reexamination certificate is attached as Exhibit 1.

**ANSWER:** Admitted.

9. The face of the '844 Patent identifies "Auto-Trac, Inc." as the assignee.

**ANSWER:** Admitted.

10. PJC Logistics alleges that the '844 Patent is assigned to plaintiff and counterclaim defendant and that PJC Logistics has the right to maintain, enforce, or defend the '844 patent.

**ANSWER:** Admitted that '844 Patent is assigned to PJC and that PJC has the right to maintain, enforce, or defend the '844 Patent.

11. On March 16, 2011, PJC Logistics filed a complaint against Alan Ritchey. Count I in PJC Logistics' Complaint, among other things, alleges that Alan Ritchey "has been infringing the '844 Patent, but using in the United States, including within this judicial district, certain electronic fleet management system that embody the inventions claimed in the '844 Patent."

**ANSWER:** Admitted.

12. PJC Logistics by such action has created an actual and justiciable case or controversy between plaintiff and Alan Ritchey concerning whether the '844 Patent is valid, as well as whether Alan Ritchey infringes upon any valid claim or claims of the '844 Patent.

**ANSWER:** PJC admits that there is an actual and justiciable controversy between Alan Ritchey and PJC as to infringement of the '844 Patent but denies the merits Alan Ritchey's counterclaims and otherwise denies the allegations in paragraph 12.

### COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '844 PATENT

13. Alan Ritchey repeats and incorporates each paragraph of its counterclaim.

**ANSWER:** PJC incorporates by reference its responses to paragraphs 1 through 12 of this Reply as though fully set forth herein.

14. PJC Logistics has asserted '844 Patent against Alan Ritchey. PJC Logistics maintains – and Alan Ritchey denies – that the '844 patent covers any product used by Alan Ritchey.

**ANSWER:** PJC admits that it has asserted the '844 patent against Alan Ritchey and that it maintains that the '844 patent covers products used by Alan Ritchey. PJC otherwise denies the allegations contained in paragraph 14.

15. The products used by Alan Ritchey do not infringe any valid claim of the '844 Patent in any manner under 35 U.S.C. §271, willfully or otherwise, either literally or under the doctrine of equivalents.

**ANSWER:** Denied.

16. Thus, Alan Ritchey has not infringed and will not infringe the '844 Patent by making, using, selling, offering for sale, marketing, or importing any of its products.

**ANSWER:** Denied.

17. Defendant Alan Ritchey and plaintiff PJC Logistics have adverse legal interests and there is substantial controversy between defendant Alan Ritchey and plaintiff PJC Logistics of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the noninfringement of the '844 Patent.

**ANSWER:** PJC admits that Defendant Alan Ritchey and PJC Logistics have adverse legal interests and that there is a substantial controversy between defendant Alan Ritchey and PJC Logistics. PJC denies that Alan Ritchey is entitled to any such judgment and otherwise denies the allegations contained in paragraph 17. Denied as to the merits of these counterclaims.

18. Alan Ritchey is entitled to a judicial declaration that any making, using, selling, offering for sale, marketing, or importation of its products do not infringe the '844 Patent.

**ANSWER:**   Denied.

### COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '844 PATENT

19. Alan Ritchey repeats and incorporates each paragraph of their counterclaim.

**ANSWER:**   PJC incorporates by reference its responses to paragraphs 1 through 18 of this Reply as though fully set forth herein.

20. The '844 Patent and each of its claims are invalid under 35 U.S.C. §§ 101 *et seq.* 101, 102, 103, 112 and /or 305.

**ANSWER:** Denied

21. PJC Logistics maintains – and Alan Ritchey denies – that the '844 patent is valid.

**ANSWER:**   PJC admits that it maintains that the '844 patent is valid and otherwise denies the allegations in Paragraph 21.

22. An actual case or controversy has arisen between plaintiffs and Alan Ritchey regarding the validity of the '844 Patent.

5

**ANSWER:** PJC admits that an actual controversy has arisen between PJC and Alan Ritchey but otherwise denies the allegations in paragraph 22. Denied as to the merits of these counterclaims.

23. A declaration of rights is both necessary and appropriate to establish that the '844 Patent is invalid under 35 U.S.C. §§ 101 *et seq.* including §§ 101, 102, 103, 112 and/or 116.

**ANSWER:** Denied.

## REQUEST FOR JURY TRIAL

24. Alan Ritchey requests a trial by jury under Federal Rule of Civil Procedure 39.

**ANSWER:** Admitted.

## PRAYER FOR RELIEF

PJC denies that Alan Ritchey is entitled to any of the relief sought against PJC in its Prayer for Relief. In addition, to the extent necessary, PJC generally denies any allegation in the counterclaims not specifically admitted above, and PJC re-alleges infringement, validity, enforceability, and damages, and denies any allegations in the counterclaim adverse to the same.

WHEREFORE, in addition to the relief requested in its Complaint, Plaintiff PJC respectfully prays that this Court:

A.   Dismiss Alan Ritchey's Counterclaims in their entirety with prejudice with respect to PJC, with Alan Ritchey taking nothing thereby;

B.   Deny all of Alan Ritchey's Counterclaims against PJC;

C.   Award PJC its costs and attorneys' fees incurred in defending against these Counterclaims; and

D.   Award PJC any and all further relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 8, 2011 | */s/ Steven R. Daniels* <br> Steven R. Daniels <br> (*Admitted Pro Hac Vice*) <br> Texas State Bar No. 24025318 <br> Farney Daniels LLP <br> 800 S. Austin Ave., Suite 200 <br> Georgetown, TX  78626 <br> Telephone: (512) 582-2828 <br> Facsimile: (512) 582-2829 <br> E-mail: sdaniels@farneydaniels.com <br> <br> **Attorneys for Plaintiff** <br> **PJC Logistics, LLC** |

### CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing PLAINTIFF PJC LOGISTICS, LLC's REPLY TO COUNTERCLAIMS OF DEFENDANT ALAN RITCHEY, INC. was served upon the counsel of record by electronically filing the document with the Clerk of the Court through the Electronic Filing System on the 8th day of November, 2011.

*/s/ Steven R. Daniels*
Steven R. Daniels