**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| IN RE: VEHICLE TRACKING AND SECURITY SYSTEM ('844) PATENT LITIGATION | | MDL NO. 11-2249 |

| | | |
|---|---|---|
| **PJC LOGISTICS, LLC,** | § § | |
| Plaintiff, | § § | Civil Action No.: 0:11-cv-02555-DWF-SER (Transferred from the Northern District of Texas; Case Number 3:11-cv-00548-F) |
| vs. | § § § | |
| **ABF FREIGHT SYSTEMS, INC.,** *et al.* | § § § | **PJC LOGISTICS, LLC'S REPLY TO ANSWER AND COUNTERCLAIMS OF ROYAL FREIGHT, L.P.** |
| Defendants. | § § § | |

Plaintiff PJC Logistics, LLC ("PJC"), by and through its counsel, hereby submits this Reply in response to the Defendant Royal Freight, L.P.'s Answer and Counterclaims to PJC Logistics, LLC's Complaint ("Royal").

## COUNTERCLAIMS

1.   Royal is a limited partnership organized under the laws of Texas with its principal place of business at 407 W. Sioux Rd., Pharr, Texas 78577.

**ANSWER:** Admitted.

2.   PJC is a limited liability company organized under the laws of Texas with its principal place of business at 777 Enterprise Drive, Hewitt, Texas 76643.

**ANSWER:** Admitted.

3.   This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, and 2202, and 35 U.S.C. §§ 1, *et seq*.

**ANSWER:** PJC admits that this Court has subject matter jurisdiction for this action only.

4.   PJC has submitted to the personal jurisdiction of this Court.

**ANSWER:** PJC admits PJC is subject to the personal jurisdiction of this Court for this action only.

5.   Venue is proper because PJC brought this action and consented to venue.

**ANSWER:** PJC admits that venue is proper for this action only, but PJC denies that it brought this action in the U.S. District Court for the District of Minnesota.

## COUNTERCLAIM ONE
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

6.   Royal repeats and realleges paragraphs 1–5 above as if fully set forth herein.

**ANSWER:** PJC incorporates by references its responses to paragraphs 1 through 5 of this Reply as if fully set forth herein.

7.   PJC purports to be the assignee and lawful owner of all right, title and interest in and to the '844 Patent, entitled "Vehicle Tracking and Security System", which issued on June 29, 1993.

**ANSWER:** Admitted.

8.   PJC has sued Royal in the present action, alleging infringement of the '844 Patent. Thus, an immediate, real and justiciable controversy exists between Royal and PJC with respect to the alleged infringement of the '844 Patent.

**ANSWER:** Admitted.

9.   Royal does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of the '844 Patent under any theory, including literal infringement or infringement under the doctrine of equivalents.

**ANSWER:** Denied.

10. No claim of the '844 Patent can validly be construed to cover any product made, used, sold, offered for sale, or imported by Royal.

**ANSWER:** Denied.

11. Royal requests declaratory judgment that Royal does not infringe, directly or indirectly, any claim of the '844 Patent.

**ANSWER:** PJC denies that Royal is entitled to any such judgment.

## COUNTERCLAIM TWO
## DECLARATORY JUDGMENT OF INVALIDITY

12. Royal repeats and realleges paragraphs 1–5 above as if fully set forth herein.

**ANSWER:** PJC incorporates by reference its responses to paragraphs 1 through 5 as if fully set forth herein.

13. An immediate, real and justiciable controversy exists between Royal and PJC with respect to the invalidity of the '844 Patent.

**ANSWER:** Admitted.

14. The '844 Patent is invalid for failure to comply with one or more provisions of Title 35, United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and 305.

**ANSWER:** Denied.

15. Royal requests declaratory judgment that the '844 Patent is invalid.

**ANSWER:** PJC denies that Royal is entitled to any such judgment.

PJC denies that Royal is entitled to any of the relief sought against PJC in its Prayer for Relief and Counterclaims. In addition, to the extent necessary, PJC generally denies any allegation in the counterclaims not specifically admitted above, and PJC re-alleges infringement,

validity, enforceability, and damages, and denies any allegations in the counterclaims adverse to the same.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in its complaint, Plaintiff PJC respectfully prays that this Court:

A. Dismiss Royal's Counterclaims in their entirety with prejudice with respect to PJC, with Royal taking nothing thereby;

B. Deny all of Royal's Counterclaims against PJC;

C. Award PJC its costs and attorneys' fees incurred in defending against these Counterclaims; and

D. Award PJC any and all further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: November 16, 2011

*/s/ Steven R. Daniels*
Steven R. Daniels
(*Admitted Pro Hac Vice*)
Texas State Bar No. 24025318
Farney Daniels LLP
800 S. Austin Ave., Suite 200
Georgetown, TX  78626
Telephone: (512) 582-2828
Facsimile: (512) 582-2829
E-mail: sdaniels@farneydaniels.com

**Attorneys for Plaintiff**
**PJC Logistics, LLC**